### Smith *v.* Durell.

If a condition be in the disjunctive, a release of one operates as a release of the other alternative.

The release of a particular debt or obligation, discharges all collateral securities taken to enforce its performance.

Trover for a yoke of oxen. The plaintiff claimed the oxen by virtue of a mortgage executed by John Marsh, Jr., on the 5th day of December 1840, and recorded in the town of Thornton where the mortgager then resided. The condition is as follows: "If said Marsh shall pay or cause to be paid to said Smith, the sum of fifty dollars within one year from the third day of November last, or shall save the said Smith harmless from paying a note of hand which the said Marsh gave to Enoch Foss, dated November 3, 1840, payable in one year from the date with interest, for fifty dollars, which note said Smith signed with me as surety, and save said Smith harmless from all expense and trouble about the same, then this mortgage to be void."

On the 9th day of November 1843, a suit being then pending on the note above described in favor of Foss against Smith, in the county of Grafton, and on the trial Marsh being a witness, the plaintiff executed and delivered to Marsh a release in the following form: "I Heze-

kiah Smith for a valuable consideration hereby discharge John Marsh, Jr., from all and every liability whatever to me, by reason of my having signed a note with him as surety to Enoch Foss, dated Nov. 3, 1840, for the sum of fifty dollars payable in one year from its date and interest; and in particular from all cost in the suit now pending on said note. Given under my hand and seal this ninth day of November 1843."

The suit terminated in favor of Foss, and the judgment was paid by Smith prior to the commencement of this suit. Marsh was a discharged bankrupt prior to the execution of the release.

Before the defendant purchased the oxen, they had been sold several times in the town of Thornton, about three miles from the place where the plaintiff resided, and one of those sales was by a deputy sheriff at public auction.

It was agreed that such judgment be rendered in this case as the court think proper.

*W. C. Clarke,* for the plaintiff. The condition of the mortgage was not performed. A release of one part does not excuse the performance of the other alternative.

The discharge of the obligation to indemnify was personal, and did not affect the property held as security. *Kittredge* v. *Emerson,* 15 N. H. 227; 2 Conn. 161; 11 Mass. 125; 6 do. 273; 8 N. H. 372.

*Hazelton,* for the defendant.

GILCHRIST, J. The condition contained in the mortgage from Marsh to the plaintiff, of the 5th of December 1840, by which the oxen in controversy were conveyed, was that the mortgager should pay a certain note which he had made on the third day of November preceding for fifty dollars, payable in one year to the mortgagee, or should save the latter harmless from the consequences of

having as the surety of the mortgagee, on the same third day of November, signed a note for a like sum, payable at the same time to one Foss.

If we consider this as a disjunctive condition, it is subject to the rule which gives to the obligor, for whose benefit the condition is inserted, an election between the two things to be done. Comyn's Dig., Condition K., 1. And a plain corollary to that rule is, that if one of the alternative things become impossible by the act of God, or by the act or default of the obligee, or if by such conduct on his part as amounts to a clear waiver of its benefits the obligor becomes excused from the performance of one part, then he is excused from performing the other part. Com. Dig., Condition K., 2.

The present case shows the reasonableness and the justice of the rule. Although the condition is in form disjunctive, its effect is single, and it is plain that the note which the mortgager gave to the plaintiff and described in the mortgage, is merely collateral to the implied promise of indemnity which the mortgage was taken to secure, and was designed for no other purpose than to give the plaintiff an additional remedy to enforce that promise. It would therefore be wholly absurd to hold, that upon the release of the principal thing, another which is its mere accessary and security should remain in force.

It is equally clear from reason and authority that a release of the debt or other thing secured by a mortgage, is a release of the mortgage. There is nothing in the form of the release in this case that renders it probable that the parties intended or expected to limit or restrain the ordinary effect of such an act in this particular.

It has become unnecessary to consider the other points made by the defendant. And there must upon the ground stated be

*Judgment for the defendant.*